# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:08 CR 481 |
|  | ) |  |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| MARILYN MANNARINO, | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| Defendant. | ) |  |

This matter comes before the Court upon Defendant, Marilyn Mannarino's Objections to Garnishment and Request for Hearing. (ECF # 584). The government filed a brief in opposition, and Defendant filed a reply brief in support of her objections. (ECF #588, 589). Further, both parties filed Garnishment Hearing Briefs after the Court scheduled a hearing on the issue. (ECF #586, 587). A hearing was held on April 25, 2014, during which the Court asked the Defendant to provide additional financial information. Following the hearing, the parties entered into settlement negotiations, however no settlement was reached. (ECF #590). For the reasons set forth below, the Defendant's objections to garnishment provide no legally valid reason for this Court to deny or otherwise modify the garnishment application.

## PROCEDURAL HISTORY

The Defendant, Marilyn Mannarino entered into a written plea agreement, by which she pled guilty to two counts of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. (ECF # 470). The plea agreement acknowledged that the Court could order Defendant to

pay restitution as a condition of the sentence, probation, and/or supervised release.  (ECF #470, pg. 3).  Further, in her plea agreement, Defendant, Ms. Mannarino agreed "to make full restitution" in the amount of $1,372,290.00, "on a joint and several basis with Defendants" listed in the agreement, "such restitution made payable immediately on such terms and conditions as the Court may impose, for the losses caused by Defendant's relevant conduct in this case."  (ECF #470, pg. 13).  Ms. Mannarino also explicitly agreed "not to seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding."  (ECF #470, pg. 13).

On July 25, 2012, this Court entered judgment against the Defendant on these two counts. (ECF #550).  She was sentenced to twelve months and one day in the custody of the United States Bureau of Prisons, to be followed by two years of supervised release.  (ECF #550).   In addition, the Court ordered Ms. Mannarino to "pay restitution in the amount of $1,340,099.00 to FDIC . . . due and payable immediately.  Should the defendant be unable to pay in full immediately, the balance should be paid at a minimum rate of 25% of the defendant's gross monthly income."  (ECF #550, pg. 4).  The judgment also specifically stated that "[n]otwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before and after the date of this Judgment."  (ECF #550, pg. 4).  Finally, the judgment explicitly provided that the "defendant shall apply all monies received from . . . any . . . anticipated or unexpected financial gains to the outstanding court-ordered financial obligation."  (ECF #550, pg. 4).

Ms. Mannarino's liability for the restitution amount under the judgment is joint and several with her co-defendants, Anthony Jerdine, Dianna Coomer, Terry Smith, Ephrian

Chestnut, William Werner, Joseph Jones, Nicholas Tate, Christopher Irby and Jefferey Meyers. (ECF #550, pg. 4).  The ordered restitution is owed to the Federal Deposit Insurance Corporation ("FDIC"), an agency of the United States, who insured the losses incurred by the victim banks. (ECF #550, pg. 4).   The Judgment Order and sentence were never appealed.

In September of 2012, prior to her incarceration, Defendant filed a Motion for Reconsideration of Sentence, asking for home confinement, rather than prison for the term of her sentence.  (ECF #555).  That motion did not seek reconsideration of the amount of restitution, or the terms under which restitution was to be paid.  (ECF #555).  The motion was ultimately denied.  (ECF #558).   In May of 2013, Defendant again filed a Motion for Modification of Sentence seeking early release from prison based on various hardships.[1]  Again, this motion did not seek any modification of the restitution order or the terms relating to the payment of restitution. (ECF #558).  The Court eventually granted this motion, modifying her sentence to time served on June 4, 2013.  (ECF #573).  As of January 28, 2014, Ms. Mannarino had paid $675.00 toward her judgment debt.  The debt is subject to interest at a rate of .20%.  She remains under supervised release until June 3, 2015.

In January of 2014, the Government filed an application for Writ of Continuing Garnishment, pursuant to 28 U.S.C. § 3205, seeking to garnish property owed to or owned by Ms. Mannarino, which is in the possession of the James Mannarino Family Trust, Steven P. Mutersbaugh, Trustee.  (ECF # 578).  The Clerk's office filed a Notice of Garnishment on January 30, 2014.  (ECF #580).  The garnishee answered the notice, verifying that it was in possession of $80,000.00 from the sale of real estate, that Ms. Mannarino had a 100% interest in

---

[1] Her release date at that point was set for July 14, 2013.

this $80,000.00, and that it was expected to be paid on February 14, 2014.  (ECF # 583).  Ms. Mannarino then filed the Objections to Garnishment and Request for Hearing that are currently at issue before the Court.  (ECF #584).

## DISCUSSION

The Federal Debt Collection Procedure Act, 28 U.S.C. § 3001, *et seq*., "provides the exclusive civil procedures for the United States . . . to recover a judgment on a debt."  28 U.S.C. § 3001(a)(1).  Under the Act, a "debt" includes "an amount owing to the United States on account of a fee . . . restitution . . . or other source of indebtedness to the United States."  28 U.S.C. § 3002(3)(B).  Section 3205 of the Act provides that a court may issue a writ of garnishment against property that is in the "possession, custody, or control of a person other than the debtor," in which the debtor "has a substantial nonexempt interest," in order to satisfy a judgment against the debtor.  28 U.S.C. § 3205(a).

In this case, Defendant, Ms. Mannarino, owes restitution (a "debt") based a judgment entered against her in the above captioned criminal case.  The restitution is owed to the FDIC, an agency of the United States.  The garnishee has verified that it is in possession, custody, or control of $80,000.00 in which Ms. Mannarino has a 100% interest.  Ms. Mannarino has not presented any evidence or argument suggesting that this property is exempt under the Act.  Further, the judgment awarding the restitution, and thereby creating the debt, specifically called for "any . . . anticipated or unexpected financial gains [to be applied] to the outstanding court-ordered financial obligation."  (ECF #550, pg. 4).

Pursuant to 28 U.S.C. §3205, a judgment debtor or the United States may file objections

to the garnishee's answer, and request a hearing. "The party objecting shall state the grounds for the objection and bear the burden of proving such grounds." 28 U.S.C. § 3205(c)(5). There is no means, under the garnishment provision of the Federal Debt Collection Act to challenge to validity or amount of the underlying debt. In this case, Defendant filed an Objection to the Garnishment, not an objection to the Answer of the Garnishee. (ECF #584). She does not contest that the garnishment provisions apply, or that they were properly followed, nor does she contest that the garnishee's answer was accurate and procedurally correct. Further, she failed to state any grounds for the objection in her actual written filing. (ECF #584). Rather, she simply stated that "[t]he basis for Defendant's objections will be fully adduced at the hearing of this matter." (ECF #584). This is insufficient under 28 U.S.C. § 3205(c)(5).

Nonetheless, the Court held a hearing on Ms. Mannarino's objections. Prior to the hearing, both parties filed garnishment hearing briefs. (ECF #586, 587). The Government filed a Brief In Opposition to Defendant's Objection to Garnishment, (ECF #588), and the Defendant filed a Reply to the Plaintiff's opposition. (ECF #589). The Defendant did not raise any factual or legal challenges to the garnishment proceedings either in her briefs or during the hearing. Rather, Ms. Mannarino argued that allowing garnishment of the full $80,000.00 she was to receive from the sale of property would be unjust and unfair because she is having personal financial difficulties.

This is not an appropriate argument against garnishment. There is nothing in the garnishment statute that would allow a debtor to challenge the fairness of the judgment which creates the debt. Defendant cites to an unpublished Magistrate's Report and Recommendation from the District of South Dakota, *United States v. Lawrence*, Case No. 3:96-CR-30016-CBK,

5

for the proposition that a court may "make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under [28.U.S.C. § 3001, et seq.]." See also, 28 U.S.C. § 3013.  While this is true, the same opinion goes on to say that "consideration of Defendant's financial situation and/or the equities of the case are not subject to or within the purview of a garnishment hearing." *Id.* at p. 9, Section VI, ¶ 1.  The Sixth Circuit has upheld the use of the FDCPA to reach all non-exempt property held by a debtor in satisfaction or partial satisfaction of a restitution order.

> The Government may enforce the restitution order against all of the defendants' property or property rights, with certain limited exceptions.  18 U.S.C. § 3613(a).  Importantly, the statute transforms the restitution order into a lien in favor of the Government on all of the defendant's property and property rights.  18 U.S.C. § 3613(c).

*United States v. Gallion*, 504 F.App'x 373, 376-77 (6th Cir. 2012).

In actuality, Ms. Mannarino is not challenging the garnishment order, but is attempting to use these proceedings as a means of challenging the restitution order and its terms.  There is no legal, factual, or equitable basis upon which the Court should alter the restitution order at this point in time.  Ms. Mannarino agreed to the amount of restitution as part of her plea agreement, and agreed to accept any terms the Court imposed as conditions for payment.  She also agreed not to appeal the amount or restitution and agreed not to seek discharge of any portion of the restitution through bankruptcy.  Ms. Mannarino profited significantly from the actions that led to her indictment and conviction, and this profit was garnered at the expense of the victims, and ultimately the FDIC who insured those losses.  These entities, who were unwitting victims to her criminal activities have a greater equitable interest in the funds at issue than do Ms. Mannarino or her attorneys.  The financial problems Ms. Mannarino faces are the consequence of her own

decisions and actions and no new or unanticipated financial hardship has manifested since the imposition of the restitution order that would warrant a reconsideration of the terms or amount of payment. The $80,000.00 at issue, which resulted from the sale of property,[2] clearly fits within the windfall provision of the restitution payment order and is the proper subject of a writ of garnishment .

For the reasons set forth above, the Defendant's Objection to Garnishment is without merit. The writ of garnishment requested by the plaintiff is granted and the monies in question shall be paid to the U.S. Clerk of Courts, and applied to Ms. Mannarino's restitution debt in the above-captioned case. Upon payment of the $80,000.00 to the U.S. Clerk of Courts by the garnishee, the garnishment shall be considered terminated pursuant to 28 U.S.C. § 3205 (c)(10)(B).

    /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: June 11, 2014

---

[2] The Court also notes that Ms. Mannarino's own brief claims that $210,000.00 of debt used to purchase the property at issue was previously discharged through bankruptcy. Therefore, the $80,000.00 "profit" obtained from the sale is truly a windfall. But for the bankruptcy, these funds would have gone to pay the line of credit that financed the original purchase and would not have been available to Ms. Mannarino either directly or as a credit toward her restitution deficiency.