IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:08-cr-481 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| MARILYN MANNARINO | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, Marilyn Mannarino's Motion to Terminate Order of Restitution holding her jointly and severally liable to the Federal Deposit Insurance Corporation (FDIC) in the amount of $1,340,099. ECF # 592. The government filed a brief in opposition, and Defendant filed a reply brief in support of the motion. ECF # 594; 595. For the reasons set forth below, Defendant's Motion and supporting memorandum provide no legally valid reason for this Court to terminate her restitution and is, therefore, DENIED.

## Procedural History

Defendant, Marilyn Mannarino, entered into a written plea agreement on February 8, 2012, by which she plead guilty to two counts of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. ECF # 470. Pursuant to the agreement, she acknowledged that the Court could condition her sentence on probation, supervised released, and/or restitution payment. Defendant further agreed to make restitution in the amount of $1,372,290, "on a joint and several basis with [co-]Defendants" to be "payable immediately on such terms and conditions as the Court may impose, for the losses caused by Defendant's relevant conduct in this case." ECF #

470, ¶ 13. Additionally, Ms. Mannarino explicitly agreed "not to seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding." *Id.*

On July 25, 2012, this Court entered judgment against Defendant on these two counts, sentencing her to twelve months and one day in the custody of the United States Bureau of Prisons, to be followed by two years of supervised release. ECF # 550. The Court also ordered Ms. Mannarino to "pay restitution in the amount of $1,340, 099.00 to FDIC…due and payable immediately. Should the defendant be unable to pay in full immediately, the balance should be paid at a minimum rate of 25% of the defendant's gross monthly income." ECF # 550, ¶ 4. The Government required Defendant pay restitution to the FDIC, the agency that insured the losses incurred by the victim banks. ECF # 550, ¶ 4. The Judgment Order and sentence were never appealed.

Since then, Defendant made numerous motions challenging her sentence. The first occurred in September, 2012, prior to her incarceration when Defendant moved for Reconsideration of the Sentence, seeking home confinement rather than prison, for the term of her sentence. ECF # 555. The Court denied the motion. ECF # 558.

In May of 2013, after serving part of her sentence, Defendant filed a motion for Modification of Sentence seeking early release from prison citing various hardships. The Court granted this motion, modifying her sentence to time served and releasing her on June 4, 2013. ECF # 573.

In January of 2014, the Government filed an application for Writ of Continuing Garnishment, pursuant to 28 U.S.C. § 3205, seeking to garnish property under Ms. Mannarino's control. ECF # 578. In response, Defendant filed an objection to the Government's motion seeking to retain possession of the property. ECF # 584. Defendant cited various hardships to

justify her objection to the garnishment: she has (1) unpaid attorney's fees, (2) an old car, (3) and uncertain living situation, and (4) faithfully been paying her judgment debt. *Id.*, at ¶ 3. The Court found in favor of the Government and granted the garnishment. ECF # 591. Prior to the garnishment, Defendant paid $675.00 toward her judgment debt, largely by withholding her Social Security benefits. *Id.*, at ¶ 3. In none of the prior objections did Ms. Mannarino challenge the amount owed in restitution.

On June 24, 2014, Defendant filed a motion to Terminate her Order of Restitution. ECF # 592. Defendant argues that the restitution is excessive due to the same hardships faced in the garnishment objections. *Id.*, at ¶ 2-3. These objections to her Order of Restitution are currently at issue before the Court. ECF # 592.

## Discussion

The Federal Debt Collection Procedure Act, 28 U.S.C. § 3001, *et seq.*, "provides the exclusive civil procedure for the United States… to recover a judgment on debt." 28 U.S.C. § 3001(a)(1). Under the Act, a "debt" includes "an amount owing to the United States on account of a fee… restitution… or other source of indebtedness to the United States." 28 U.S.C. § 3002(3)(B). Additionally, the Court may "make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter." 28 U.S.C. § 3013.

In this case, Defendant owes a restitution (a "debt") based on a judgment entered against her in the above captioned criminal case. The restitution is owed to the FDIC, an agency of the United States. Defendant does not argue that she owes a debt to the FDIC nor does she argue that § 3001(a)(1) is inapplicable. Instead, she argues that the restitution amount is excessive and that the Court should terminate it. While Defendant cites several cases to support the position that the

Court should grant her an individualized review, the cases do not support the premise that the judgment debt should be terminated. To the contrary, each case cited affects the procedure or remedy employed: none of the cases cited in her brief vacated the judgments entirely due to defendants' difficulties in making restitution payments. The cases cited merely modified the overall amounts owed.

Instead, Defendant's request to vacate the restitution debt is a collateral attack on the judgment entered by the Court. ECF # 550. In a similar case, the Eastern District of Michigan wrote,

> [I]f not withdrawn, Defendant's objection would be rejected as an impermissible collateral attack on a criminal judgment in a garnishment proceeding. *See United States v. Miller*, 588 F.Supp.2d 789, 801 (W.D. Mich. 2008) (Lawson, J.) (adopting report and recommendation)(Scoville, Mag. J.) ('Raising objections to the validity of a criminal restitution judgment in response to a write of garnishment is plainly an impermissible collateral attack on the judgment. *See also United States v. Queen*, 08-12768, 2009 WL 3270766, at *1 (E.D. Mich. Oct. 1, 2009) (Borman, J.)(adopting report and recommendation) (Whalen, Mag. J.)(holding that the defendant has the burden to show 'that the funds in question are exempt from garnishment').

*United States v. Whitt*, No. 11-50395, 2011 WL 4062459, at *2 (E.D. Mich. Sept 13, 2011).

In addition, Defendant previously made the Court aware of her hardships. The Court wrote:

> In actuality, Ms. Mannarino is not challenging the garnishment order, but is attempting to use these proceedings as a means of challenging the restitution order and its terms. There is no legal, factual, or equitable basis upon which the Court should alter the restitution order at this point in time. Ms. Mannarino agreed to the amount of restitution as part of her plea agreement, and agreed to accept any terms the Court imposed as conditions for payment. She also agreed not to appeal the amount or restitution and agreed not to seek discharge of any portion of the restitution through bankruptcy. Ms. Mannarino profited significantly from the actions that led to her indictment and conviction, and this profit was garnered at the expense of the victims, and ultimately the FDIC who insured those losses. These entities, who were unwitting victims to her criminal activities have a greater equitable interest in the funds at issue than do Ms. Mannarino or her

attorneys. The financial problems Ms. Mannarino faces are the consequence of her own decisions and actions and no new or unanticipated financial hardship has manifested since the imposition of the restitution order that would warrant a reconsideration of the terms or amount of payment.

ECF # 591 ¶ 6-7 (filed June 11, 2014).

In closing, Defendant raises the same objections to her restitution debt that she raised in response to her previous garnishment. There, the Court determined that Defendant's objections were without merit and that there was no legally valid reason to modify the restitution order. Nothing that Defendant presents changes that result. Therefore, Defendant's motion is denied.

## Conclusion

For these reasons, the Court does not find there is valid reason to terminate or otherwise modify the restitution agreement. Therefore, Defendant's Motion to Terminate Restitution (ECF # 592) is DENIED.

IT IS SO ORDERED

*Donald L. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: July 21, 2014